CHRISTOPHER TINSLEY,                        :
                                            :
            Petitioner,                     :
                                            :
      v.                                    :          CIVIL ACTION NO.: CV209-205
                                            :
DANNIE THOMPSON, Warden,                    :
                                            :
            Respondent.                     :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Christopher Tinsley ("Tinsley"), who is currently incarcerated at Smith State Prison in Glennville, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent filed an Answer-Response. For the reasons which follow, Petitioner's petition should be **DENIED** in part, and **DISMISSED** in part.

## STATEMENT OF THE CASE

Tinsley was convicted following a jury trial in July 2005 in the Superior Court of Camden County of malice murder, two counts of aggravated assault, and three counts of possession of a firearm during the commission of a crime. Tinsley v. State, 281 Ga. 875, 875 n.1 (2007). He was sentenced to life imprisonment for malice murder, two consecutive twenty-year sentences for the aggravated assault counts, and three five-year consecutive sentences for the possession of a firearm during the commission of a crime counts. Id. Tinsley pursued a direct appeal and his convictions and sentences were affirmed by the Georgia Supreme Court. Id. at 878.

Tinsley filed a state habeas corpus petition on April 29, 2008 in the Superior Court of Lowndes County, challenging his Camden County convictions. (Doc. No. 10-1). Following an evidentiary hearing, the state habeas corpus court denied relief on all grounds in an order filed on February 26, 2009. (Doc. No. 10-2). On September 8, 2009, the Supreme Court of Georgia denied Tinsley's application for a certificate of probable cause to appeal. (Doc. No. 10-3). Tinsley filed the instant petition on December 21, 2009. In this petition, Petitioner asserts the following grounds for relief: (1) that he received ineffective assistance of counsel; (2) that the prosecutor failed to correct false testimony given to the jury by a state witness; (3) that there was insufficient evidence to support his conviction; (4) that the trial judge erred when he refused to grant his Motion for a Directed verdict and failed to grant a mistrial; and (5) that the Georgia Supreme Court erred by failing to decide his appeal on the record. Respondent asserts that Tinsley received effective assistance of counsel, that grounds two and four of Tinsley's petition are procedurally defaulted, that the evidence was sufficient to support Tinsley's convictions, and that ground five fails to state a cognizable claim for relief.

## STANDARD OF REVIEW

28 U.S.C. § 2254(d) sets forth the deference to be afforded to a State court's legal determinations:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). In reviewing a petitioner's habeas claim under section 2254(d)(1), a court should first determine the law that was "clearly established" by the United States Supreme Court at the time the State court adjudicated the petitioner's claim. Williams v. Taylor, 529 U.S. 362, 390 (2000). After determining the clearly established law, the reviewing court should next determine whether the State court's adjudication was "contrary to" clearly established Supreme Court case law or involved an unreasonable application of that clearly established Supreme Court law. Id. This standard "forecloses relief unless" the state court's merits adjudication of the constitutional claim is either contrary to, or an unreasonable application of, clearly established United States Supreme Court precedent, or is an unreasonable determination of the facts. Early v. Packer, 537 U.S. 3, 7 (2002). "Where . . . the state court's application of federal law is challenged, it must be shown to be not only erroneous, but objectively unreasonable." Yarborough v. Gentry, 540 U.S. 1, 5 (2003). A federal court may not simply substitute its judgment for that of the state court. Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002).

## DISCUSSION AND CITATION TO AUTHORITY

### I. Assistance of Counsel

In ground one, Tinsley alleges that he received ineffective assistance of counsel because counsel failed to conduct a pre-trial investigation to prepare a favorable defense, and failed to have two of Petitioner's defense witnesses at trial.

Strickland v. Washington, 466 U.S. 668 (1984), is the governing Supreme Court precedent in analyzing ineffective assistance of counsel claims. To obtain relief under

Strickland, a petitioner "must show (1) counsel's performance was deficient and (2) that deficiency prejudiced him." Strickland, 466 U.S. at 687. Counsel's performance is deficient when it falls "below an objective standard of reasonableness," Chandler v. United States, 218 F.3d 1305, 1312 (11th Cir. 2000), which means that it is "outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. Further, the issue is not what is possible or what is prudent or appropriate, but only what is constitutionally compelled." Chandler, 218 F.3d at 1313. Courts conduct a highly deferential review of counsel's performance and "indulge [the] strong presumption that counsel's performance was reasonable and that counsel 'made all significant decisions in the exercise of reasonable professional judgment.'" Id. at 1314 (alteration in original) (quoting Strickland, 466 U.S. at 689-90).

To establish prejudice, "there must be a reasonable probability that, but for counsel's deficient performance, the result of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. "A petitioner's burden of establishing that his lawyer's deficient performance prejudiced his case is also high." Van Poyck v. Fla. Dep't of Corr., 290 F.3d 1318, 1322 (11th Cir. 2002). A petitioner must "affirmatively prove prejudice." Strickland, 466 U.S. at 693.

Citing the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984), the state habeas corpus court found that Tinsley's allegations of ineffective assistance of counsel lacked merit. (Doc. No. 10-2). The court found that counsel rendered effective assistance to Tinsley and that Tinsley had not shown that counsel's actions were unreasonable, nor had Tinsley established the requisite prejudice therefrom. (Id.

at p. 6).  Specifically, the court found that counsel had been appointed to represent Tinsley, and that counsel met with Tinsley frequently to discuss the case.  (Id. at p. 5). The court also found that counsel hired a private investigator and they both gathered and reviewed evidence.  (Id.).  In addition, the court found that counsel interviewed witnesses and prepared testimony summaries.  (Id.).  Also, the court found that counsel filed the proper pre-trial motions, including discovery motions.  (Id.).  Tinsley has not shown that the state court's decision is contrary to, or an unreasonable application of, clearly established United States Supreme Court precedent or is an unreasonable determination of the facts.  Therefore, it should be given deference under 28 U.S.C. § 2254(d).  Ground one of Tinsley's petition is **DENIED**.

## II.  Grounds Two and Four

In grounds two and four, Tinsley alleges that the prosecutor failed to correct false testimony given to the jury by a state witness, and that the trial judge erred when he refused to grant Tinsley's Motion for a Directed verdict and failed to grant a mistrial.  In his state habeas petition, the Superior Court of Lowndes County noted, " 'A writ of habeas corpus cannot be used as a substitute for appeal.' "  (Doc. No. 10-2, p.6) (citing McKay v. Balkom, 203 GA 790 (1948)).  The court further stated, "An issue that could have been raised in direct appeal, but was not, is procedurally barred from consideration in habeas corpus proceedings, absent a showing of adequate cause for failing to raise it earlier, and actual prejudice."  (Doc. No. 10-2, p. 6).  The court then found that Tinsley directly appealed his conviction, that the issues Tinsley raised in grounds two and four were not raised on appeal, but that they were related to his trial and conviction.  (Id. at p. 7).  The court stated,

[Tinsley] has offered no evidence or argument to sufficiently warrant this Court to overlook his failure to raise the above issues on appeal. Furthermore, [Tinsley] offered no evidence to satisfy the prejudice portion of the 'cause and prejudice test.' This Court finds that [Tinsley] has failed to satisfy the 'cause and prejudice' test.

(Id.). The court held that Tinsley's claims with respect to these issues were procedurally defaulted. (Id.). In Coleman v. Thompson, the Supreme Court held:

In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

501 U.S. 722, 750 (1991). The narrow fundamental miscarriage of justice exception encompasses the extraordinary instance in which a constitutional violation probably has resulted in the conviction of one actually innocent of the crime. Murray v. Carrier, 477 U.S. 478, 496 (1986).

Though Tinsley makes arguments in his brief concerning the merits of grounds two and four, he fails to assert any cause for his default or to show that failure to consider these claims would result in a fundamental miscarriage of justice. Therefore, grounds two and four of Tinsley's petition should be **DISMISSED**.

### III. Evidence to Support Tinsley's Conviction

Tinsley asserts there was insufficient evidence to support his convictions. This issue was raised in Tinsley's direct appeal and decided adversely to him, as the Georgia Supreme Court found that under Jackson v. Virginia, 443 U.S. 307 (1979), the evidence was sufficient to support Tinsley's convictions. Tinsley, 281 Ga. 875, 876 (2007). Tinsley asserts he was simply in the wrong place at the wrong time. Tinsley has failed to show that the state court's decision is contrary to, or an unreasonable

application of, clearly established United States Supreme Court precedent or is an unreasonable determination of the facts. Therefore, it should be given deference under 28 U.S.C. § 2254(d). Ground four of Tinsley's petition should be **DENIED**.

## IV.  Georgia Supreme Court Appeal

Tinsley alleges that the Georgia Supreme Court erred in his appeal by not deciding it "by the record." (Doc. No. 1, p. 5). 28 U.S.C. § 2254 requires that a petitioner allege a violation of a constitutional right or of "clearly established federal law." Ground five of Tinsley's petition does neither, and should be **DISMISSED**.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Petitioner's claims that the prosecutor failed to correct false testimony given to the jury by a state witness, that the trial judge erred when he refused to grant his Motion for a Directed verdict and failed to grant a mistrial, and that the Georgia Supreme Court erred by failing to decide his appeal on the record be **DISMISSED**. Is my further recommendation that Petitioner's claims that he received ineffective assistance of counsel, and that there was insufficient evidence to support his conviction be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this _22_ day of April, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE